In the matter of Henry W. Baker, Trustee under the will
of Benjamin F. Fooks, deceased.

*Sussex County, March T.* 1899.

The Chancellor will authorize a trustee to take title to real estate,
sold under a mortgage held by him as trustee, and bid in by him
at foreclosure sale, although the will creating the trust fund con-
templated its investment in personal securities; *Provided* that
the authority asked for by the trustee is clearly required for the
benefit of all persons interested in the trust property and for the
preservation of the *corpus* of the trust fund.

Petition by Trustee for Authority to Take Title
to Mortgaged Property, Purchased at Foreclosure
Sale.—The petition was filed by Henry W. Baker, trustee
appointed by the Chancellor, under the last will of Benjamin
F. Fooks, deceased, who died July 8, 1893, and whose will
was, after his death, proved and recorded in the office of the
Register of Wills for Sussex County in will book R, No. 17,
page 163.

By Item Fourth of this will the testator bequeathed the
sum of twenty-five thousand dollars in trust to invest and keep
invested during the life of the testator's wife "upon good and
sufficient securities for which judgment bonds and mortgages
constituting first liens upon real estate are suggested, but not
enjoined, and with power to change the said securities when
it may be advisable, * * * and to collect and receive the
income and interest thereof." The remainder of the item
provided at length for the management of the fund and the
payment of the income to his wife, and the making up of any
deficiency which might happen, but did not authorize
the trustee to make any investment of the whole or any part
of the trust fund in real estate.

By the Ninth Item of said will the testator bequeathed
in trust the residue of his personal estate for the benefit of
his children also "upon trust to invest and keep invested the

same and the money arising therefrom in and upon some good and sufficient securities for which judgment bonds and mortgages, being liens on real estate, are suggested but not absolutely enjoined, and with power to change the said securities whensoever it may be deemed advisable and beneficial so to do, in whole or in part."

In this item of the will, as in the one before recited, there was no authority given for any investment of the whole or part of the trust fund in real estate.

The petition further alleged that under the authority of the Court of Chancery, he had taken, as trustee, from the executrix of the said testator, sundry investments made by the latter in his lifetime, and among them, two investments, one upon a bond and mortgage for $826.30 of Sydney Carmean and wife dated September 13, 1888, and of record in mortgage record K, No. 11, page 28; and the other, a bond for $937.50 of Samuel L. Tindall, dated April 14, 1888, upon which judgment was entered, No. 20 to the April Term, A. D. 1888, in the Superior Court in and for Sussex County.

The executrix of said testator had endeavored to collect the outstanding debts secured by the said bond and mortgage and judgment, and having been unable to do so, the lands, covered by the liens of said mortgage and judgment, had been sold at sheriff's sale and bid in by the petitioner as trustee.

It appeared from the petition that in order to prevent loss to the trust estate by the sale of lands under the executions on the said mortgage and judgment it was necessary that the Trustee should buy in the said lands at Sheriff's sale; and that if he did not attend the said sale and bid in the said tracts of land, the same would have been sold at a sacrifice and the trust estate would have been diminished. The sum at which the Trustee bid in the said lands so sold was much below the real value of the same. The petitioner, therefore, had deemed it for the best interest of the trust estate that he should take title to the lands and premises, so bid in by him, rather than to sacrifice them by a sale below its real value.

The petitioner prayed that the Court would approve of his action in the purchase of the property sold under the mortgage and judgment and would authorize him to take title to the same as Trustee and out of the trust estate to pay the necessary and proper costs and attorney's fees incurred by the proceedings.

He also prayed that the Court would by further order define his rights, powers and duties with respect to the lands so taken by him in his name as Trustee as aforesaid, and asked for authority to lease the lands and premises, and to sell and convey the same when it should be advantageous to do so.

The petition was filed July 6, 1899, and on July 8 following, the case came before the Chancellor.

*Charles F. Richards*, for the petitioner.

THE CHANCELLOR took the same view of this petition as that which he had expressed in the similar case of *In re Bellah, Trustee, ante p.* 59, and considered that upon the facts set forth in the petition, the Trustee in purchasing the lands described in the petition, had acted for the best interests of the *cestui que trust* and for the benefit of the trust fund, and that his action in that behalf appeared to be necessary in order to preserve the trust fund from diminution, and for that reason, and in accordance with the views more fully stated in the case referred to by him, he made an order granting the prayer of the petitioner in the identical terms of the order made in that case, which is reported as part of it.

NOTE.—After the order was made in the case of *In re Bellah, Trustee*, reported *ante p.* 59, there was a period of noticeable but temporary depression in the value of real estate in certain parts of the State, continuing until the date of the case here reported. As the result of it, many petitions of the same nature were presented by trustees, and similar orders granted, all resting upon the same grounds as those stated in the case of *In re Bellah, Trustee*. It has been deemed proper to report that case in New Castle County and this one in Sussex County as showing the practice adopted in such cases throughout the State, but other cases of similar nature which appear on the records of the Court, it has not seemed necessary to report.

The supervisory power of the Court of Chancery with respect to management of trust estates was considered in the case of *Butler vs. Topkis*, to be reported in a subsequent volume; and is also considered in relation to charitable trusts in the opinion of Hon. N. B. Smithers, adopted by Chancellor Saulsbury as a rule of action for the Court with respect to the Potter Estate, a public trust or charitable use, which is printed in the Appendix.